United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 31, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

**No. 06-51283
Summary Calendar**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**WILFREDO ARNALDO TEJEDA-FUENTES,**

**Defendant-Appellant.**

**Appeals from the United States District Court
for the Western District of Texas
(2:06-CR-268-ALL)**

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Wilfredo Arnaldo Tejeda-Fuentes raises two challenges to his sentence for unlawful reentry, in violation of 8 U.S.C. § 1326. Both challenges were raised in district court. Its interpretation and application of the Sentencing Guidelines are reviewed *de novo*. ***United States v. Fierro-Reyna***, 466 F.3d 324, 326 (5th Cir. 2006).

First, Tejeda-Fuentes contends the district court erroneously imposed a 16-level enhancement pursuant to Guidelines

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2L1.2(b)(1)(A)(ii) by mischaracterizing his prior Texas Penal Code § 22.01(a)(1) assault conviction as a "crime of violence". In the light of **United States v. Villegas-Hernandez**, 468 F.3d 874, 880-82 (5th Cir. 2006) (holding force is not an element of a § 22.01 offense because bodily injury may be achieved without use of force), *cert. denied*, 127 S. Ct. 1351 (2007), which was issued after sentencing in this case, the enhancement was erroneous. Because the Government has not shown the error did not affect the district court's sentencing, the error was not harmless. *See* **United States v. Lopez-Urbina**, 434 F.3d 750, 765 (5th Cir.), *cert. denied*, 126 S. Ct. 672 (2005).

Second, Tejeda-Fuentes claims § 1326(b)'s treatment of prior felony convictions as sentencing factors is unconstitutional in the light of **Apprendi v. New Jersey**, 530 U.S. 466 (2000). Tejada-Fuentes concedes this challenge is foreclosed by **Almendarez-Torres v. United States**, 523 U.S. 224, 235 (1998), but raises it here to preserve it for further review.

For the foregoing reasons, we AFFIRM Tejada-Fuentes' conviction; VACATE his sentence; and REMAND this matter to district court for resentencing.

*CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED*